**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| RYAN HAUBER,<br><br>Plaintiff,<br><br>v.<br><br>HONKAMP KRUEGER & CO., P.C., a/k/a HONKAMP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:23-cv-101<br><br>**COMPLAINT** |

Plaintiff, Ryan Hauber ("Plaintiff"), by his undersigned counsel, complains of Defendant, Honakamp Krueger & Co., P.C., a/k/a "Honkamp" ("Defendant"), as follows:

## JURISDICTION AND VENUE

1. Plaintiff is alleging discrimination and retaliation in violation of: (a) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.,* as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"); and (b) the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*. ("FMLA").

2. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), the ADAAA and the FMLA.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as Defendant's business is located in Dubuque, Iowa, and the alleged unlawful employment practices occurred within this District.

## PARTIES

4. Plaintiff is an individual residing in Galena, Illinois, and was at all relevant times a covered employee of Defendant within the meaning of the ADAAA and FMLA who was terminated from his employment by Defendant on or about February 18, 2022.

5. Defendant is a professional corporation providing accounting, financial consulting and related business and financial services with offices throughout Iowa and Wisconsin, with its principal place of business located in Dubuque, Iowa.

## PROCEDURAL REQUIREMENTS

6. On or about November 29, 2022, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which charge was cross-filed with the Iowa Civil Rights Commission, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). On August 15, 2023, the EEOC issued Plaintiff his Notice of Right to Sue letter and this action has been brought within ninety days after receipt thereof.

## FACTUAL BACKGROUND

7. Plaintiff was employed by Defendant from or about March 29, 2010, until he was abruptly terminated on February 18, 2022.

8. At all times relevant, Plaintiff received regular raises, bonuses and other valuable compensation as a result of his good work performance.

9. As more fully alleged below, Plaintiff's termination followed a series of serious health-related conditions affecting both him and his wife in the late 2021 - early 2022 time period, which were also covered under both the ADAAA and FMLA.

10. Plaintiff's serious health conditions included, *inter alia,* heart-related issues warranting a hospital emergency room visit in November of 2021; COVID-19 (requiring him to quarantine and refrain from work-related activities); as well as severe panic attacks, anxiety and other ailments requiring ongoing medical care and attention – and for which his doctor had excused him from work at various times through or about February 7, 2022.

11. Plaintiff has a history of alcoholism, for which he was subjected to ridicule and harassment at Defendant, and at all times relevant was also otherwise regarded by Defendant as an individual with a disability under the ADAAA.

12. At all relevant times, Defendant, including but not limited to its CEO/Managing Partner, Greg Burbach, its Director of Human Resources, Teri Pitzen, and other company officers, were aware of the foregoing, inclduing Plaintiff's requests for PTO, medical leave(s), and related accommodations.

**COUNT I**
**(Defendant's Violations of the ADAAA)**

1. Plaintiff adopts and re-alleges paragraphs 1-12 above as paragraph 1 of Count I.

2. Defendant's decision to terminate Plaintiff's employment was unlawful and in violation of the ADAAA because, *inter alia*, it was based on his disability, his history of a disability, and/or its unlawful perception of him as being disabled.

3. Defendant's termination of Plaintiff's employment was also retaliation for his legally protected efforts to exercise his ADAAA rights, including his need for reasonable accommodation(s).

4. As a direct and proximate result of Defendant's alleged violations of the ADAAA, Plaintiff has, *inter alia,* lost and will continue to lose income and other employment-related benefits and compensation, has suffered inherent career loss/damages, severe emotional distress, anxiety, and humiliation, as well as significant disruption of his personal and family life.

5. Defendant's conduct was willful and/or in reckless disregard for Plaintiff's federally protected rights and warrants the imposition of punitive damages.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, Ryan Hauber, prays that this Court grant the following relief against Defendant:

A. Award him appropriate front pay in an amount to be determined at trial or, alternatively, reinstatement.

B. Award him appropriate lost back pay and other employment benefits and lost compensation which have accrued since Ferbruary 18, 2022, plus interest, and career loss damages, so as to render him whole from the unlawful discharge.

C. Award him compensatory damages for pain, suffering and mental anguish, and for punitive damages, as otherwise authorized by the ADAAA.

D. Award him costs of litigation, expert witness fees and reasonable attorney's fees pursuant to the ADAAA.

E. Grant him any additional relief as this Court deems just and proper.

**COUNT II**
**(Defendant's Violations of the FMLA)**

1. Plaintiff adopts and re-alleges paragraph 1 of Count I as paragraph 1 of Count II.

2. At all times relevant, the FMLA provided, *inter alia*, that Plaintiff be granted up to twelve weeks of unpaid leave for his and/or an immediate family member's serious medical condition which prevents him from performing the essential functions of his job, or to care for a family member, *i.e.,* his wife, Jobie Hauber.

3. The FMLA also prohibits Defendant from retaliating against Plaintiff for exercising his rights under the FMLA.

4. At all times relevant, Plaintiff duly presented Defendant with doctor's notes and medical information sufficient to apprise Defendant as to his serious medical condition and inability to return to work until further notice, and his need to help care for his wife, Jobie.

5. In late 2021, Defendant erroneously counted days in which Plaintiff was absent from the employer's office against his twelve weeks of protected unpaid leave.

6. At all times relevant, Defendant interfered with, denied and otherwise violated Plaintiff's FMLA rights by unlawfully discriminating against him and discharging him after he requested FMLA-related medical leave.

7. As a direct and proximate result of Defendant's alleged violations of the FMLA, Plaintiff has, *inter alia,* lost and will continue to lose income and other employment-related benefits and compensation, has suffered inherent career loss/damages, severe emotional distress, anxiety, and humiliation, as well as significant disruption of his personal and family life.

8. Defendant discharged Plaintiff willfully or in reckless disregard of his FMLA rights, which warrants the imposition of  liquidated damages.

**RELIEF SOUGHT**

**WHEREFORE,** Plaintiff, Ryan Hauber, prays that this Court grant him the following relief against Defendant:

A. Award him appropriate front pay in an amount to be determined at trial or, alternatively, reinstatement.

B. Award him appropriate lost back pay, and other employment benefits and lost compensation since February 18, 2022, plus interest, and career loss damages, so as to render him whole from the unlawful discharge.

C. Award him compensatory damages for pain, suffering and mental anguish, in an amount to be proven at trial and as authorized by the FMLA.

D. Award him an additional amount as liquidated damages equal to the income, employment benefits, and other compensation Plaintiff was denied or lost because of Defendant's FMLA violations.

E. Award him costs of litigation, expert witness fees and reasonable attorney's fees pursuant to the FMLA.

F. Grant him any additional relief as this Court deems just and proper.

Dated this 10th day of November, 2023.

**PLAINTIFF REQUESTS A JURY TRIAL.**

Respectfully submitted,

Nathan Willems, AT0009260
Emily Schott Hood, AT0014444
RUSH & NICHOLSON, P.L.C.
115 First Avenue SE, Suite 201
P.O. Box 637
Cedar Rapids, IA 52406-0637
Telephone: 319-363-5209
Facsimile: 319-363-6664
nate@rushnicholson.com
emily@rushnicholson.com