# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

RYAN HAUBER,

      Plaintiff,

vs.

HONKAMP KRUEGER & CO PC,

      Defendant.

No.  C23-1033-LTS-KEM

**MEMORANDUM
OPINION AND ORDER**

## *I.*　*INTRODUCTION*

This matter is before me on motions (Docs. 166, 167, 168) to reconsider filed by plaintiff Ryan Hauber[1] pursuant to Federal Rule of Civil Procedure 59(e).  Hauber seeks reconsideration of the order (Doc. 141) adopting the Report and Recommendation (R&R) (Doc. 134) of Chief United States Magistrate Judge Kelly K.E. Mahoney and judgment (Doc. 142) against him.  Defendant Honkamp Krueger & Co PC (Honkamp) has filed a response (Doc. 169) to all three motions.  Oral argument is not necessary.  *See* Local Rule 7(c).

## *II.*　*BACKGROUND*

Hauber filed his complaint (Doc. 1) in this case on November 10, 2023, alleging Honkamp violated the Americans with Disabilities Act (ADA) and the Family and Medical Leave Act (FMLA).  On July 26, 2024, Hauber's counsel was permitted to withdraw from the case and Hauber began representing himself.  Doc. 37.  On August 8, 2024, Hauber filed a motion (Doc. 41) for reasonable accommodations under the ADA and a motion (Doc. 42) for extension of time to comply with upcoming deadlines.  Both

---

[1] Hauber is representing himself.

motions were based on a purported diagnosis of post-traumatic stress disorder (PTSD). The court denied the motions, noting that Hauber must provide a basis for the court to find he currently needs accommodations.[2] Doc. 46.

On August 28, 2024, Honkamp filed a motion (Doc. 47) to compel Hauber's discovery responses. On September 30, 2024, Hauber filed a motion (Doc. 51) for miscellaneous relief in which he sought an accommodation to attend and assist in his wife's deposition. The court granted in part and denied in part the motion, stating that Hauber could be present to protect his interests and provide support to his wife, but he could not provide testimony on his wife's behalf or help her formulate her answers. Doc. 53. On October 11, 2024, Honkamp filed a motion (Doc. 54) to have security present during the depositions of Hauber and his wife. In support of the motion, Honkamp filed a declaration of Jeremy Sosna, counsel for Honkamp, in which he described that Hauber acted in an "agitated and erratic manner" and that his conduct caused everyone in the room to have concerns about his behavior and their safety. Doc. 54-2 at 2. After Sosna decided to suspend the deposition due to Hauber's behavior, Hauber was given the opportunity to speak on the record, during which he purportedly gave a 15-minute "diatribe in which he asserted that he intended to speak with his 'advisors' and varyingly threatened criminal charges and ethical complaints." *Id.* at 4. Chief United States Magistrate Judge Kelly K.E. Mahoney held a hearing and granted the motion. Docs. 64, 66. Judge Mahoney found:

> I have no reason to disbelieve defense counsel's declaration. The transcript largely supports defense counsel's statement that Plaintiff acted with hostility and improperly, and as noted, and the transcript does not capture everything that occurred. I do agree with Plaintiff that it does not appear he threatened criminal charges, but he did threaten an ethical complaint and insinuated that defense counsel sent an email to intentionally rattle during a family emergency. I do not find that defense counsel intentionally

---

[2] Hauber had submitted a physician letter dated October 24, 2022, about symptoms he was suffering from at that time. Doc. 41 at 7-8.

misrepresented what happened during the deposition or that sanctions are warranted.

Doc. 66 at 6-7. Judge Mahoney also warned Hauber that his PTSD diagnosis and pro se status did not excuse him from following the Federal Rules of Civil Procedure and noted that his motions cited nonexistent cases. She specifically warned that any future submission that includes cases that do not exist could result in sanctions. *Id.* at 3, n.1.

On November 6, 2024, Judge Mahoney issued an order compelling Hauber to respond to numerous discovery requests related to his medical records and medical providers. Doc. 69. Hauber updated his interrogatory responses and produced some treatment records, but not all those requested. Doc. 134 at 4 (detailing deficiencies in Hauber's discovery responses). In response to a deficiency letter, Hauber provided some supplemental responses but also continued to withhold some medical records arguing they were not relevant or were privileged. *Id.* at 4-5. Honkamp issued another deficiency letter and requested that Hauber execute signed medical releases since he had not produced the medical records himself. *Id.* at 5-6. In January, Hauber produced some additional treatment records and updated his list of medical providers. He also stated there were no additional medical records to produce and that he had not withheld any medical records based on physician-patient privilege. *Id.* at 6. Honkamp repeated its request that Hauber complete the medical release forms. When Hauber refused, Honkamp filed a motion to compel the signed releases. *Id.* (citing Doc. 86). The court granted the motion stating he must provide Honkamp with the signed medical releases for each of the places and providers listed in the interrogatory response, could not withhold information on the basis of privilege, relevance or any other basis and warned that because the court had already ordered Hauber to provide this information, he was on notice that his failure to comply could result in the dismissal of his case as a sanction. *Id.* at 7 (quoting Doc. 95).

Upon receiving signed releases for five providers, Honkamp obtained substantially more medical records than Hauber had previously produced. *Id.* at 7-9 (detailing

3

discrepancies between the records Hauber had produced and represented as a "complete" production and records Honkamp obtained pursuant to the medical releases). The newly received medical records also made references to additional providers Hauber had never disclosed. *Id.* at 9. Honkamp then filed a motion to dismiss the case as a discovery sanction. *Id.* at 10 (citing Doc. 117). Judge Mahoney noted that in his resistance to the motion, Hauber cited two cases that appeared to be completely made up and misrepresented the holdings and quotations from other relevant cases. *Id.* She also noted that his resistance did not respond to several discrepancies identified by Honkamp. *Id.* Judge Mahoney ultimately recommended granting Honkamp's motion to dismiss as a discovery sanction and denying all other remaining pending motions[3] as moot and entering judgment in favor of Honkamp. *Id.* at 11-17. On June 2, 2025, I accepted the R&R, *see* Doc. 141, and entered judgment (Doc. 142) in favor of Honkamp.

On June 30, 2025, Hauber filed a motion (Doc. 143) to reconsider, which I denied. Doc. 145. He filed a notice (Doc. 146) of appeal on August 4, 2025. The Eighth Circuit Court of Appeals affirmed the judgment on March 23, 2026. *See* Doc. 158.

On June 12, 2026, the court received[4] Hauber's motions (Docs. 166, 167, 168) to reconsider the order (Doc. 141) and judgment (Doc. 142) in this case pursuant to Federal Rules of Civil Procedure 60(b)(1), 60(b)(3), 60(b)(6) and, in the alternative, 60(d)(3).

### III.    ANALYSIS

Honkamp argues Hauber's motions should be denied as he attempts to litigate the same theories this court and the Eighth Circuit Court of Appeals have already considered. It argues Hauber has failed to identify extraordinary circumstances to reopen this case.

---

[3] This included a March 18, 2025, renewed motion (Doc. 119) for reasonable accommodations. Hauber had previously filed a motion (Doc. 105) for reasonable accommodations on March 10, 2025. This motion was denied without prejudice along with a motion (Doc. 106) for leave to file a sur-reply because they failed to comply with Local Rules. Doc. 107.

[4] The motions were mailed June 2, 2026. *See* Doc. 165.

It also argues that Hauber's motions are untimely, his claims have already been litigated before the Eighth Circuit and his motions lack merit. I will address its arguments in that order.

### A. Timeliness

Honkamp argues Hauber's motions have not been made "within a reasonable time" under Rule 60(c)(1) because the actions he complains about occurred in November 2024, March 2025 and April 2025, but he did not bring these motions until after the Eighth Circuit considered and rejected his arguments on appeal. It argues Hauber has not alleged any new facts or circumstances to justify setting aside the judgment.

All motions under Rule 60(b) must be made within a reasonable time. Motions under Rule 60(b)(1) through (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Hauber submitted his motions within the one-year deadline. With regard to whether they were made within a "reasonable time" depends on the particular facts of the case. *Federal Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989). The Eighth Circuit has concluded a district court did not abuse its discretion by entertaining a Rule 60(b)(5)-(6) motion made after exhaustion of the appeals process and almost 23 months after judgment was entered. *Id.* (citing *Harris v. Union Elec. Co.*, 846 F.2d 482, 484-85 (8th Cir. 1988)). The court noted there was no indication that the motion had been filed for the purpose of delaying implementation of the underlying judgment.

In contrast, the court in *Cupples Bros.* noted that Cupples waited to bring its motion ten weeks after the foreclosure judgment was affirmed and only 12 days before the scheduled sale date. *Id.* The court reasoned that Cupples had not provided an adequate explanation for the delay and agreed with the district court's conclusion that Cupples continued to file motions for the purpose of delay. As such, the court did not find the district court abused its discretion in finding Cupples' Rule 60(b) motion was not made within a reasonable time.

5

I decline to deny Hauber's motions based on timeliness. While his motions are based on actions that occurred in late 2024 and early 2025 (his wife's deposition and his motions (Docs. 105, 119) for reasonable accommodations), his main complaint is that his case was dismissed with prejudice without a ruling on his motion (Doc. 119) and based on an alleged misrepresentation concerning his actions at his wife's deposition. He filed his motions within a year of that decision. In any event, there are stronger reasons to deny Hauber's motions.

## B.    Re-litigation of Issues

Honkamp argues Hauber's motions should be dismissed because his claims were already litigated before the Eighth Circuit. Honkamp notes that Hauber raised the issue that the district court did not properly consider his accommodation motion in three separate instances on appeal: his appellant brief, his petition for panel rehearing and rehearing en banc and his writ of mandamus. *See Hauber v. Honkamp*, No. 25-2561, Appellant's Brief at 12-15 (8th Cir. Oct. 8, 2025) (in which Hauber argued (1) the unresolved motions, including Doc. 119, underscored the disproportionality of the dismissal with prejudice for discovery violations and (2) that the court's failure to provide reasonable ADA accommodations was legal error that affected substantial rights); *Hauber v. Honkamp*, No. 25-2561, Petition for Panel Rehearing and Rehearing En Banc at 4-5, 5-9 (8th Cir. Apr. 6, 2026) (arguing the panel did not address the accommodation issue, including dismissal while his accommodation motion was pending); Doc. 154 at 8-12, 15-16, 18-19, 33 (arguing there was no action on his initial motion for accommodations (Doc. 105) and renewed motion (Doc. 119) for accommodations and seeking an immediate ruling on his renewed motion (Doc. 119) for accommodations).

The Eighth Circuit denied each request. *See* Doc. 158, *Hauber v. Honkamp*, No. 25-2561, Order Denying Petition for En Banc Rehearing (8th Cir. May 13, 2026), Doc. 155.    Hauber also raised the issue of Honkamp's counsel making an alleged

6

misrepresentation to the court in his petition for a writ of mandamus (Doc. 154 at 13-15), which the Eighth Circuit denied. Doc. 155.

"[A] Rule 60(b) motion cannot be used to relitigate the merits of a district court's prior judgment in lieu of a timely appeal, nor can it be used to collaterally attack a final court of appeals' ruling in lieu of a proper petition for review in the United States Supreme Court." *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000). *See also Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999) (noting that Rule 60(b) is not a vehicle for "simple reargument on the merits" and that "[t]his ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

The Eighth Circuit issued a per curiam opinion concluding "the district court did not clearly err in finding that Hauber willfully violated the court's discovery orders . . . and based on that finding, did not abuse its discretion by dismissing Hauber's complaint with prejudice and imposing a monetary fine." Doc. 158. This opinion implicitly rejected Hauber's arguments concerning the dismissal with prejudice while his motion for accommodations was pending. The same is true with regard to Hauber's arguments (to the extent they were not waived) concerning Sosna's alleged misrepresentation that Hauber had threatened criminal charges during his wife's deposition based on the Eighth Circuit's denial of Hauber's writ of mandamus. While I find that Hauber's motions must be denied because his arguments have already been considered and rejected on appeal, I will further explain why they fail to meet Rule 60(b) standards.

### C. *Merits*

Hauber seeks relief pursuant to Rules 60(b)(1), 60(b)(3) and 60(b)(6), arguing that the court ordered dismissal with prejudice for noncompliance with deadlines that his

pending motion (Doc. 119) for accommodations[5] sought to modify. Under Rule 60(b)(1), he argues the court erred in failing to address his motion for accommodations first, amounting to a "mistake" and alternatively, any default amounts to excusable neglect based on his PTSD. Under Rule 60(b)(3), Hauber argues that Sosna made a misrepresentation by stating in his deposition that Hauber "threatened criminal charges." Doc. 54-2 at 4. He argues the alleged misrepresentation materially impaired full and fair presentation of the case because it "distorted the lens through which subsequent files were reviewed." Doc. 167-1 at 3. As to Rule 60(b)(6), Hauber argues extraordinary circumstances exist stating:

> This is not a case where any single procedural event, viewed in isolation, is the whole story. It is the cumulative effect that is extraordinary: Plaintiff presented unrebutted medical evidence supporting a need for accommodations; he filed accommodation motions directed at his ability to comply with discovery; the operative accommodation motion (Doc. 119) was not decided for 76 days; and the case was ended for discovery noncompliance before the Court adjudicated the accommodation request that bore directly on what compliance required.
>
> Taken together, these circumstances describe a dismissal entered without a meaningful adjudication of a disabled litigant's medically supported request for the means of participation, prior to imposing the ultimate sanction. That process-integrity failure is the kind of extraordinary circumstance for which Rule 60(b)(6) reserves equitable relief.

Doc. 168-1 at 3. Finally, Hauber alternatively seeks relief under Rule 60(d)(3) arguing "[i]f the Court determines that the administrative termination or merger of Doc. 105 reflected deliberate interference with independent judicial review of a separately filed accommodation motion, then the Court may consider whether that conduct rises to the level of fraud on the court." *Id.*

---

[5] Hauber also references his motion (Doc. 105) for reasonable accommodation, stating that it was merged into an unrelated filing (Doc. 106) and argues it did not receive independent adjudication.

Rule 60(b) provides in relevant part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect.

. . .

(3)     fraud (whether previously called intrinsic or extrinsic, misrepresentation, or misconduct by an opposing party);

. . .

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(d)(3) provides that Rule 60 does not limit a court's power to set aside a judgment for fraud on the court.

Hauber has failed to demonstrate legal error that would constitute "mistake" under Rule 60(b)(1) by dismissal of his case with prejudice as a discovery sanction without ruling on his pending motion for accommodation.  He has not cited any authority that this course of action was procedurally improper and his arguments are otherwise unconvincing.  First, the discovery sanction was not based on a mere "noncompliance with deadlines."  Rather, it was based on Hauber's willful and deliberate violation of court orders related to Hauber's obligations to disclose medical treatment and obtain (or execute releases for) medical records.  *See* Doc. 134 at 12-14 (detailing Hauber's discovery violations).  In her R&R, Judge Mahoney explained why other discovery sanctions could not provide an adequate remedy.  *Id.* at 15.  While Hauber argued that his mental health condition excused his conduct, Judge Mahoney noted that his argument rested on the premise that he "forgot" about undisclosed treatment, an assertion she did not credit.  *Id.* at 16.

As a brief recap, on November 6, 2024, the court initially ordered Hauber to produce his medical records or execute signed releases for his medical records.  Doc. 69 at 9.  He had refused to provide his medical records based on the Health Insurance Portability and Accountability Act (HIPAA).  The court corrected him on HIPAA's

9

application to his discovery obligations and ordered him to supplement his discovery responses concerning medical providers and medical records. *Id.*

On January 31, 2025, Honkamp filed its motion (Doc. 86) to compel Hauber's signed medical records release. Judge Mahoney granted this motion on February 20, 2025, noting that Hauber continued to withhold certain medical records and provider information based on asserted privileges and privacy interests that were inapplicable. Doc. 95. In this order, Judge Mahoney warned: "As the court has already ordered Hauber to provide this information and his medical records once, Hauber is on notice that the failure to comply with this order and provide a full and accurate list of his providers or to execute the waivers could result **IN THE DISMISSAL OF THIS CASE AS A SANCTION**." *Id.* at 2 (emphasis in original).

On March 10, 2025, Hauber filed his motion (Doc. 105) for reasonable accommodation along with a motion (Doc. 106) for leave to file a sur-reply. He also attached the motion (Doc. 105) for reasonable accommodation to the motion (Doc. 106) for leave to file a sur-reply. *See* Docs. 106-3, 106-4. The court considered these motions together and denied them without prejudice for failure to follow Local Rule 7(k). This rule provides that "[a]ll non-dispositive motions must contain a representation that counsel for the moving party personally has conferred in good faith with counsel for all other parties and any pro se parties concerning the motion, and a statement of whether or not the other parties consent to the motion." Local Rule 7(k). "If the moving party has not conferred with another party, the motion must contain a description of the efforts made to consult with the party and an explanation of why the efforts were unsuccessful." *Id.* Each of the separate motions (Docs. 105 and 106) failed to meet this requirement, which is why they were summarily denied without prejudice.[6]

---

[6] This does not constitute "fraud on the court" under Rule 60(d)(3). Hauber's motion (Doc. 168) is denied in that regard.

On March 18, 2025, Honkamp filed its motion (Doc. 117) to dismiss under Federal Rule of Civil Procedure 37(b)(2) and Hauber filed his motion (Doc. 119) for reasonable accommodations.[7] Judge Mahoney issued her R&R (Doc. 134) on the motion to dismiss on April 18, 2025, recommending granting Honkamp's motion to dismiss as a discovery sanction and denying all pending motions, including the motion (Doc. 119) for reasonable accommodations, as moot. Hauber filed his objections (Doc. 137) on May 6, 2025, in which he made various arguments related to his PTSD diagnosis. I addressed those objections in my order (Doc. 141) accepting the R&R. Specifically, I noted that the only relevant accommodation Hauber sought with regard to cognitive issues was patience and assistance from the court in navigating the judicial process and explained that the court had attempted to provide such by explaining the applicable rules to Hauber in simple terms and providing clear direction as to proper conduct in this court. Doc. 141 at 14. Despite those efforts, Hauber continued to disregard rules and court orders. *Id.* (providing examples). I concluded his alleged PTSD symptoms did not provide a basis to ignore procedural rules or court orders. *Id.* at 15.

Hauber's motions do not establish mistake or excusable neglect under Rule 60(b)(1) for the reasons stated in the R&R (Doc. 134), my order (Doc. 141) accepting the R&R and the opinion (Doc. 158) from the Eighth Circuit Court of Appeals. There is nothing procedurally wrong with the course of action taken by the court and for the reasons stated, Hauber's actions amounted to more than excusable neglect. While the court did not explicitly rule on his motion (Doc. 119) for reasonable accommodations, the court considered Hauber's arguments related to his alleged PTSD symptoms in both his resistance (Doc. 126) to the motion to dismiss and his objections (Doc. 137) to the R&R and did not find them to be a basis for excusing his discovery conduct or giving

---

[7] On March 24, 2025, he filed a motion (Doc. 122) to correct his motion (Doc. 119) for reasonable accommodations so that the docket entry would reflect his request for expedited consideration.

him further opportunity to comply with court orders and rules. His motions seek to relitigate those issues, which is an inappropriate use of Rule 60(b).

Nor does the alleged "misrepresentation" by Honkamp's counsel provide a basis for relief under Rule 60(b)(3). Even if it could be characterized as a misrepresentation, it did not materially impair the full and fair presentation of Hauber's case. Any impairment to Hauber's full and fair presentation of case was due to his own deliberate and willful conduct in refusing to follow court orders and rules as explained in the R&R (Doc. 134) and the order (Doc. 141) accepting the R&R. In neither instance did the court consider Hauber's conduct at his wife's first deposition. Indeed, the court acknowledged that "it does not appear he threatened criminal charges." Doc. 66 at 7. Because the court rejected that representation, it is unclear how it purportedly affected later proceedings, particularly when the court never made further reference to those events. There is simply no basis to conclude that the final judgment in this case was based on any misrepresentation by opposing counsel.

Finally, Hauber has failed to demonstrate extraordinary circumstances under Rule 60(b)(6). As noted above, Hauber attempts to relitigate issues that have already been considered and addressed and has not provided any basis to find mistake, excusable neglect, fraud by misrepresentation, or any other circumstance that would justify relief from the final judgment. The court gave Hauber clear instructions, multiple opportunities to comply with court orders and rules and warnings about the potential consequences of failing to comply, which included dismissal with prejudice. Hauber willfully and deliberately continued to withhold medical treatment information and records despite the court's orders and warnings. He has not presented any new information in his motions that the court had not already considered in making its ruling and entering judgment in favor of Honkamp. Hauber has not shown any basis for relief under Rule 60(b).

12

## IV.    CONCLUSION

For the reasons stated herein:

1.    Plaintiff Ryan Hauber's motions (Docs. 166, 167 and 168) to reconsider the judgment (Doc. 142) are **denied**.

2.    Hauber is advised that this court considers this case to be fully and finally litigated.  As such, if Hauber files any further motions in this case, Honkamp need not respond unless directed to do so by the court.  In addition, Hauber is put on notice that if he files any future motion and the court finds the motion to be frivolous, he will be ordered to show cause as to why he should not be subject to sanctions pursuant to Federal Rule of Civil Procedure 11.


**IT IS SO ORDERED** this 10th day of August, 2026.


_____
Leonard T. Strand
United States District Judge

13